IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

| | |
|---|---|
| JIGNA PATEL, <br> 3173 Bridle Way <br> Owensboro, Kentucky 42303 <br>       PLAINTIFF, <br> v. <br><br> WALGREEN CO. , <br> 161 Washington Street, <br> Suite 1400 <br> Conshohocken, Pennsylvania 19428 <br><br>       DEFENDANT. <br><br> <u>SERVE</u>: THE PRENTICE-HALL <br>     CORPORATION SYSTEM, INC. <br>     421 West Main Street <br>     Frankfort, KY 40601 | CIVIL ACTION NUMBER: <br><br>  4:17-cv-131-JHM |

## **COMPLAINT AND JURY DEMAND**

Comes the Plaintiff, Jigna Patel, by counsel, and for her Complaint for damages and Jury Demand against the above-named Defendant states as follows:

**I.**

## **PARTIES, JURISDICTION AND VENUE**

1. Plaintiff, Jigna Patel, is and at all times pertinent hereto was a resident of Owensboro, Daviess County, Kentucky.

2. Defendant, Walgreens Co. (hereinafter "Walgreens"), is and at all times pertinent hereto was an Illinois For-Profit Corporation with its principal place of business being located at 161 Washington Street, Suite 1400, Conshohocken, Pennsylvania. At all times pertinent hereto, Walgreens owned, operated, and managed a retail pharmacy store (Store # 07657) located at 2318 Frederica Street, Owensboro, Kentucky.

1

3. This Court has subject matter jurisdiction over the claims set forth herein pursuant to 28 U.S.C. Section 1331 as this action arises under the provisions of 42 U.S.C. Section 2000e *et seq.* (Title VII of the Civil Rights Act of 1964, as amended). Moreover, this Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 29 U.S.C. Section 1367 as the state law claims arise from the same set of operative facts as the federal law claims filed in this action.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1391(b) as a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## II.

## STATEMENT OF PERTINENT FACTS

5. Plaintiff Jigna Patel began working for Walgreens in 2001 as a staff pharmacist in New Jersey. On or about July 2014, Plaintiff Patel was transferred to Walgreens Store # 07657 located at 2318 Frederica Street, Owensboro, Daviess County, Kentucky to serve in the same position as a staff pharmacist.

6. Beginning on or about September 2014 at Walgreens Store #07657 located in Owensboro, Kentucky and continuing throughout her employment at that location, Plaintiff was subjected to a workplace of unwelcome and highly offensive conduct, intimidation, ridicule and insult based upon her race (color) and national origin (Indian/Asian) while employed by Defendant that was so severe and pervasive that it altered her conditions of employment and otherwise created a hostile working environment based upon Plaintiff's race (color) and national origin.

7. One such incident occurred when she was scheduled to work with pharmacy technician Rebecca Peaches. Ms. Peaches refused to work with Plaintiff Patel and said, "I don't

need to listen to brown people." Ms. Peaches and other co-workers repeatedly and on at least a weekly basis would make comments of a derogatory nature to Plaintiff Patel due to her race (color) and national origin (Indian/Asian). Furthermore, Ms. Peaches and other co-workers (pharmacy technicians) were insubordinate and refused to follow directions from Plaintiff in her position as a pharmacist based upon the Plaintiff's race (color) and national origin.

8. Plaintiff reported these derogatory statements and insubordinate conduct to the pharmacy manager, Lisa Young, and the store manager, Joe Sommerkamp, on numerous occasions and requested that Ms. Peaches be disciplined for her comments and insubordination pursuant to company policy. Ms. Young and Mr. Sommerkamp failed to take appropriate corrective action to stop this discriminatory behavior from occurring in the workplace. In fact, when Plaintiff Patel attempted to write-up Ms. Peaches herself for this and other conduct as allowed by company policy, Ms. Young and Mr. Sommerkamp refused to go forward with the write-up which resulted in Ms. Peaches receiving no disciplinary action based upon her discriminatory behavior.

9. There was a pattern or practice of unwelcome and highly offensive conduct, intimidation, ridicule and insult based upon the Plaintiff's race (color) and national origin and based upon other employees' race, color and/or mixed-race (African American/White) by white co-workers on a frequent basis at Walgreens Store # 07657 that was so severe and pervasive that it altered the conditions of employment and otherwise created a hostile working environment for all employees of color and different ethnic backgrounds other than Caucasian. Moreover, management at Walgreens Store # 07657 either knew or should have known of the hostile working environment at their store and failed to take any effective corrective action to stop such conduct from continuing.

10. On or about March 2015, Plaintiff informed management personnel at Walgreens Store # 07657 that she was pregnant.

11. On or about March 2015, Plaintiff Patel was disciplined for having medication errors. However, all Caucasian pharmacists (who were not pregnant and had not otherwise reported discrimination in the workplace to management) that had more medication errors than the Plaintiff were never disciplined for the same mistake. Thereafter, Plaintiff reported this false and unjust write up to the pharmacy director, Jason Cox, who agreed with Ms. Patel and removed the document from her file. Moreover, Plaintiff informed Mr. Cox that she had been subjected to discrimination in the workplace as previously discussed in the preceding paragraphs of this Complaint. Nonetheless, the discriminatory and retaliatory conduct continued.

12. On or about June 22, 2015, Plaintiff Patel again attempted to report to management personnel that she was being subjected to insubordination by Ms. Peaches. Thereafter, the managers whom she reported Ms. Peaches' misconduct to accused Plaintiff Patel of harassing Ms. Peaches and chose to unjustly discipline the Plaintiff instead of Ms. Peaches. Ms. Patel was also accused of lowering prices for drinks that she purchased at Walgreens Store # 07657 by these same management personnel, though there was never any evidence presented to the Plaintiff to support these allegations despite the Plaintiff's request for the same.

13. In late July 2015, Plaintiff became light-headed due to her pregnancy and needed to leave the store briefly to purchase some items to stabilize her medical condition. As was a common practice used by other pharmacists at Store # 07657, Plaintiff briefly left a senior pharmacy technician in control of the pharmacy. Plaintiff retained control of the key to the medication dispenser and drawers and made sure they were secured prior to leaving. Plaintiff returned to Store # 07657 approximately ten to fifteen minutes after she left the store. Plaintiff

was disciplined and allegedly terminated for this incident of leaving the pharmacy while other Caucasian, non-pregnant pharmacists who had not reported discrimination frequently engaged in similar conduct but were never disciplined by management for Walgreens.

### III.

### PLAINTIFF'S CAUSES OF ACTION

### COUNT I

*HOSTILE WORKPLACE ENVIRONMENT BASED UPON PLAINTIFF'S RACE/NATIONAL ORIGIN IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND THE KENTUCKY CIVIL RIGHTS ACT.*

14. Plaintiff realleges each and every allegation set forth in paragraphs one through thirteen of the Complaint as if fully set forth herein.

15. Plaintiff, as an Asian person of color and of Indian decent, is a member of a protected class under Title VII of the Civil Rights Act of 1964 set forth at 42 U.S.C. Section 2000e *et seq*. and the Kentucky Civil Rights Act, KRS Chapter 344.

16. Defendant Walgreens is an "employer" within the meaning of Title VII of the Civil Rights Act of 1964 set forth at 42 U.S.C. Section 2000e *et seq*. and the Kentucky Civil Rights Act, KRS Chapter 344.

17. As more fully described in the preceding paragraphs of this Complaint, Plaintiff Patel was subjected to a workplace of unwelcome and highly offensive conduct, intimidation, ridicule and insult based upon her race (color) and national origin while employed at Defendant's Store # 07657 that was so severe and pervasive that it altered her conditions of employment and otherwise created a hostile working environment. The Plaintiff was exposed to this hostile work environment because of her race (color) and national origin.

18.     The hostile working environment at Defendant's Store # 07657 was one that a reasonable person would find hostile and abusive, and one that the Plaintiff in fact perceived as hostile and abusive.

19.     As more fully described in the preceding paragraphs of this Complaint, Plaintiff reported the discriminatory conduct of employees at Defendant's store # 07657 to management on several occasions.

20.     As more fully described in the preceding paragraphs of the Complaint, management and supervisory personnel of Defendant either knew or should have known that certain employees at Walgreens Store # 07657 had engaged in inappropriate and highly offensive and discriminatory behavior directed towards the Plaintiff and other co-workers, and failed to implement prompt and effective corrective action to stop such unlawful behavior from continuing to occur.

21.     Defendant Walgreens, acting by and through its agents and employees, violated 42 U.S.C. section 2000e-2 (Title VII of the Civil Rights Act of 1964) and KRS 344.040 (the Kentucky Civil Rights Act) by tolerating and/or condoning a hostile workplace environment based upon the Plaintiff's race (color) and national origin during Plaintiff's term of employment with the Defendant at Walgreens Store # 07657.  As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer lost wages and benefits in the past, future lost wages and benefits, medical expenses in the past and future medical expenses, severe mental and emotional distress, loss of enjoyment of life, personal indignity, humiliation, and other non-pecuniary losses.

22.     Defendant's conduct in tolerating and/or condoning a hostile workplace environment towards the Plaintiff as described in this Count of the Complaint is properly categorized as oppressive, malicious, exceptionally reprehensible, and demonstrated a total

disregard for or reckless indifference to the federally protected rights and liberties of the Plaintiff. Accordingly, an award of punitive damages against Defendant is warranted under Title VII of the Civil Rights Act of 1964.

### COUNT II

*RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND THE KENTUCKY CIVIL RIGHTS ACT.*

23. Plaintiff realleges each and every allegation set forth in paragraphs one through twenty-two of the Complaint as if fully set forth herein.

24. As more fully described in the preceding paragraphs of the Complaint, Plaintiff Patel engaged in activities protected by Title VII of the Civil Rights Act of 1964 and the Kentucky Civil Rights Act while employed by Defendant by reporting incidents of harassment, discrimination and intimidation to management and supervisory personnel at Defendant's Store # 07657 and to other management personnel of the Defendant..

25. As more fully described in the preceding paragraphs of the Complaint, Defendant took adverse employment actions against the Plaintiff up to and including termination for reporting these incidents of harassment, discrimination, and intimidation in the workplace and for otherwise engaging in a protected activity under Title VII of the Civil Rights Act of 1964 and the Kentucky Civil Rights.

26. There is a casual connection between each of the Plaintiffs' complaints of sexual harassment, discrimination and intimidation in the workplace as alleged in the Complaint and the adverse employment actions and other forms of retaliation alleged in the Complaint.

27. As more fully described in the preceding paragraphs of this Complaint, Defendant, acting by and through its agents and employees, violated 42 U.S.C. section 2000e-3 and KRS 344.280 by taking adverse employment actions and other retaliatory actions against the Plaintiff including terminating the Plaintiff on August 7, 2015 after the Plaintiff engaged in activities protected by Title VII of the Civil Rights Act of 1964 and the Kentucky Civil Rights Act. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer lost wages and benefits in the past, future lost wages and benefits, medical expenses in the past and future medical expenses, severe mental and emotional distress, loss of enjoyment of life, personal indignity, humiliation, and other non-pecuniary losses.

28. Defendant's retaliatory conduct against the Plaintiff is properly categorized as oppressive, malicious, exceptionally reprehensible, and demonstrated a total disregard for the rights and liberties of the Plaintiff. Accordingly, an award of punitive damages against Defendant is warranted under Title VII of the Civil Rights Act of 1964.

### COUNT III

***DISCRIMINATION IN THE TERMS AND CONDITIONS OF EMPLOYMENT BASED UPON THE SEX (PREGNANCY) AND RACE/NATIONAL ORIGIN OF THE PLAINTIFF IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND THE KENTUCKY CIVIL RIGHTS ACT.***

29. Plaintiff realleges each and every allegation set forth in paragraphs one through twenty-eight of the Complaint as if fully set forth herein.

30. Plaintiff Patel, as a pregnant female and as an Asian person of color of Indian descent, is a member of protected classes under Title VII of the Civil Rights Act of 1964

set forth at 42 U.S.C. Section 2000e *et seq.* and the Kentucky Civil Rights Act, KRS Chapter 344.

31. Defendant is an "employer" within the meaning of Title VII of the Civil Rights Act of 1964 set forth at 42 U.S.C. Section 2000e *et seq.* and the Kentucky Civil Rights Act, KRS Chapter 344.

32. As more fully described in the preceding paragraphs of the Complaint, Plaintiff was subjected to different terms and conditions of employment including, but not limited to, termination and unwarranted disciplinary actions, by Defendant when she engaged in conduct that similarly situated co-workers (who were not pregnant and not of her race (color) and/or of Indian descent) were not disciplined for or otherwise terminated for by Defendant.

33. As more fully described in the preceding paragraphs of the Complaint, Defendant violated 42 U.S.C. section 2000e (Title VII of the Civil Rights Act of 1964) and KRS 344.040 (the Kentucky Civil Rights Act) by treating the Plaintiff differently in the terms and conditions of her employment with Defendant because of her sex (pregnancy), race (color), and/or national origin when compared with similarly situated co-workers who were not members of these protected classes. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer lost wages and benefits in the past, future lost wages and benefits, medical expenses in the past and future medical expenses, severe mental and emotional distress, loss of enjoyment of life, personal indignity, humiliation, and other non-pecuniary losses.

34. Defendant's conduct as described in this Count of the Complaint is properly categorized as oppressive, malicious, exceptionally reprehensible, and demonstrated a total disregard for or reckless indifference to the federally protected rights and liberties of

the Plaintiff. Accordingly, an award of punitive damages against Defendant is warranted under Title VII of the Civil Rights Act of 1964.

**WHEREFORE**, Plaintiff, Jigna Patel, demands judgment against Defendant Walgreens as follows:

1. Judgment against Defendant Walgreens in an amount sufficient to fully compensate the Plaintiff for her lost wages and benefits in the past, for her future lost wages and benefits, for her past and future medical expenses, for her severe mental and emotional distress, personal indignity, humiliation, and other non-pecuniary losses suffered as a result of Defendant's unlawful conduct as more fully alleged in the Complaint;

2. An award of punitive damages against Defendant;

3. For her costs expended herein;

4. For her reasonable attorney's fees as provided for by statute;

5. For a trial by jury;

6. For pre-judgment and post-judgment interest at the prevailing legal rate;

7. For leave to amend the pleadings as proof develops; and

8. For any and all other relief that she may be entitled to under the law.

Respectfully submitted,

　/s/　Charles W. Miller
Charles W. Miller
Rheanne D. Falkner
**MILLER & FALKNER**
Waterfront Plaza, Suite 2104
325 West Main Street
Louisville, KY  40202

(502) 583-2300
(502) 583-2323 (fax)
*Counsel for Plaintiff*